**BERTOLDO CARTER SMITH & CULLEN**
LAWRENCE J. SMITH, ESQ. (#6505)
JAMES R. SWEETIN, ESQ. (#5144)
7408 West Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 228-2600
Facsimile: (702) 228-2333
lawre3@nvlegaljustice.com
jsweetin@nvlegaljustice.com

**ROBERT L. LANGFORD & ASSOCIATES**
ROBERT L. LANGFORD, ESQ. (#3988)
1925 Village Center Circle, Suite 150,
Las Vegas, NV 89134
Telephone: (702) 379-0440
Facsimile: (702) 991-4223
robert@robertlangford.com

**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ. (#6711)
TAYLOR N. JORGENSEN, ESQ. (#16259)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
AML@lagomarsinolaw.com
Taylor@lagomarsinolaw.com
*Attorneys for Plaintiffs Rosa Lainez Lemus and G.R.L.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROSA LAINEZ LEMUS, individually and as natural parent and guardian of minor G.R.L.; G.R.L., a minor, <br><br> Plaintiffs, <br><br> v. <br><br> CLARK COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada; JESUS F. JARA, in his individual and official capacity; RONNIE GUERZON, in his individual and official capacity; RAYMOND ORTIZ, in his individual and official capacity BROOKE RAWLINS, in her individual and official capacity; DOES I through 10, and ROE CORPORATIONS 1 through 10, inclusive. <br><br> Defendants. | CASE NO.:   2:24-cv-00700-JAD-MDC <br><br> **[PROPOSED]** <br> **DISCOVERY PLAN AND** <br> **SCHEDULING ORDER** |

Pursuant to FRCP 26(f) and LR 26-1, the parties, by and through their respective counsel, hereby stipulate to, and propose, the following *Discovery Plan and Scheduling Order*.

### 1. Fed. R. Civ. P. 26(f) Meeting

Pursuant to Fed. R. Civ. P. 26(f), a conference was held on May 8, 2024 and was attended by TAYLOR N. JORGENSEN, ESQ. and JAMES R. SWEETIN, ESQ. for Plaintiffs ROSA LAINEZ LEMUS and G.R.L. ("Plaintiffs"); and MELISSA L. ALESSI, ESQ. for Defendants CLARK COUNTY SCHOOL DISTRICT, JESUS F. JARA, RONNIE GUERZON, RAYMOND ORTIZ, and BROOKE RAWLINS.

### 2. Changes to Pre-Discovery Disclosures

Pursuant to FRCP 26(f)(3)(A), the parties stipulate that there shall be no changes to the form or requirement for disclosures under FRCP 26(a). The parties have stipulated that disclosures under FRCP 26(a) shall be due on or before May 22, 2024 including, but not limited, to any Computation(s) of Damages required pursuant to FRCP 26(a)(i)(A)(iii).

### 3. Areas of Discovery

The parties agree that all discovery allowed under the Federal Rules of Civil Procedure, including by Rule 26(b), Rule 30, Rule 33, Rule 34, and Rule 36 should be permitted, such that the parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and proportional to the needs of the case, subject to the limitations imposed by Rule 26(b)(2).

### 4. Issues with Electronically Stored Information

The parties stipulate that there are no issues pertaining to the disclosure, discovery, or preservation of electronically stored information. The parties anticipate, however, that this case will involve or require the inspection or production of electronically stored information ("ESI"). To the extent a party requests ESI, the parties agree that the ESI can be produced in paper format, as an image (e.g., pdf, jpg, or tiff), or via hard electronic copy (e.g., CD-ROM, DVD, or Dropbox.com). The parties will cooperate in good faith to ensure that ESI is produced in a readily identifiable (and readable) format.

### 5. **Issues Regarding Privilege or Protection**

The parties agree to be bound by Federal Rule of Evidence 502 and any other applicable Rule of case law regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each taking reasonable steps to identify and prevent disclosure of any document (or information) that they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document shall promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the requesting party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within five (5) days, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the court denying such privilege.

### 6. **Discovery Plan**

The parties propose the following discovery plan, noting that the first appearance made in this Court was by way of Defendants filing their *Notice of Removal of Action* on April 11, 2024 (ECF No. 1).

#### a. **Close of Discovery Date**

The parties herein stipulate that the discovery period shall be one hundred eighty (180) days from April 11, 2024. Therefore, the close of discovery shall be <u>Tuesday, October 8, 2024.</u>

#### b. **Amending the Pleadings or Adding Parties**

The parties shall have until <u>Wednesday, July 10, 2024</u>, to file any motions to amend the pleadings or to add parties. This is ninety (90) days prior to the close of discovery.

. . .

  **c.**  **FRCP 26(a)(2) Disclosure of Experts**

Disclosure of experts shall proceed according to FRCP Rule 26(a)(2)(D) and LR 26-1(b)(3) as follows:

- The disclosure of experts and their reports shall occur on or before <u>Friday, August 9, 2024.</u>

- The disclosure of rebuttal experts and their reports shall occur on or before <u>Monday, September 9, 2024</u>.

These deadlines are sixty (60) days before the discovery cut-off date and thirty (30) days after the initial disclosure of experts.

  **d.**  **Dispositive Motions**

The parties shall have until <u>Thursday, November 7, 2024,</u> to file dispositive motions. This is thirty (30) days after the discovery cut-off date, as required by LR 26-1(b)(4).

  **e.**  **Pre-Trial Order**

The parties will prepare a consolidated Pre-Trial Order on or before <u>Monday, December 9, 2024</u>, which is not more than thirty (30) days after the date set for filing dispositive motions in this case, as required by LR 26-1(b)(5). In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motions or further order of the Court. The disclosure required by FRCP Rule 26(a)(3), and objections thereto, shall be made in the pre-trial order.

  **f.**  **Modifications of the Discovery Plan and Scheduling Order**

LR 26-4 governs modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion must be made at least twenty-one (21) days prior to the expiration of any extension thereof that may have been approved by the Court, or at least twenty-one (21) days prior to the expiration of the subject deadline.

. . .

. . .

. . .

**7.   Certifications**

Lastly, pursuant to LR 26-1(b)(7-9), the parties certify as follows:

    **a.   Alternative Dispute Resolution**

That they met and conferred about the possibility of using alternative dispute-resolution process including mediation or arbitration. At this time, the parties have not decided to move forward with ADR processes.

    **b.   Alternative Forms of Case Disposition**

That they considered consent to trial by magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). At this time, the parties withheld their mutual consent to such forms of alternative case disposition.

    **c.   Electronic Evidence**

That they discussed whether they intend to present evidence in electronic format to jurors for the purposed of the jury deliberations and that no stipulations have been reached as of the filing of this plan regarding providing discovery in an electronic format compatible with the court's electronic jury evidence display system.

**IT IS SO STIPULATED AND AGREED.**

DATED this 13th day of May, 2024.       DATED this 13th day of May, 2024.

**LAGOMARSINO LAW**      **CLARK COUNTY SCHOOL DISTRICT**
     **OFFICE OF THE GENERAL COUNSEL**

 /s/ Taylor N. Jorgensen       /s/ Melissa Alessi
ANDRE M. LAGOMARSINO, ESQ. (#6711)      MELISSA ALESSI, ESQ. (#9493)
TAYLOR N. JORGENSEN, ESQ. (#16259)      5100 West Sahara Avenue
3005 W. Horizon Ridge Pkwy., #241      Las Vegas, Nevada 89146
Henderson, Nevada 89052      Telephone: (702) 799-5373
Telephone: (702) 383-2864      *Attorney for Defendants Clark County*
*Attorneys for Plaintiffs Rosa Lainez Lemus*      *School District, Jesus F. Jara,*
*and G.R.L.*      *Ronnie Guerzon, Raymond Ortiz,*
     *and Brooke Rawlins*

. . .

. . .

. . .

DATED this 13th day of May, 2024.

**BERTOLDO CARTER SMITH & CULLEN**

  /s/ James R. Sweetin
LAWRENCE J. SMITH, ESQ. (#6505)
JAMES R. SWEETIN, ESQ. (#5144)
7408 West Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 228-2600
*Attorneys for Plaintiffs Rosa Lainez Lemus and G.R.L*

DATED this 13th day of May, 2024.

**ROBERT L. LANGFORD & ASSOCIATES**

  /s/ Robert L. Langford
ROBERT L. LANGFORD, ESQ. (#3988)
1925 Village Center Circle, Suite 150,
Las Vegas, NV 89134
Telephone: (702) 379-0440
*Attorneys for Plaintiffs Rosa Lainez Lemus and G.R.L*

**IT IS SO ORDERED.**

_____
Hon. Maximiliano D. Couvillier III
UNITED STATES MAGISTRATE JUDGE

DATED: 5/15/2024